IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:19-CR-00145-DGK-10 |
| JOE MIKE PEREZ, JR., | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTIONS TO WITHDRAW GUILTY PLEA AND BE APPOINTED NEW COUNSEL

Now before the Court is Defendant Joe Mike Perez, Jr.'s pro se motions to withdraw his guilty plea and be appointed new counsel. ECF Nos. 778, 779. The motions are identical, however, Defendant mailed them separately. On March 7, 2022, Defendant pled guilty to conspiracy to distribute methamphetamine and heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846, and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i), (ii) and (h). Plea Agreement, ECF No. 647. Defendant also admitted the allegations of forfeiture, which includes a money judgment to be entered against Defendant. *Id.* Defendants motions are DENIED.

Under Federal Rule of Criminal Procedure Rule 11(d)(2)(B), a defendant may withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Here, Defendant argues "the lack of communication [from his attorney] pushed [him] into accepting a plea [he's] not fully comfortable with," and "there's alot of things [he's] not understanding" about his case. Def.'s Mots, ECF Nos. 778, 779.

After reviewing the transcript from the change of plea hearing, the Court holds that Defendant knowingly, intelligently, and voluntarily entered the plea. At the hearing, the Court

informed Defendant that if he pled guilty, he would be unable to withdraw his plea, and Defendant stated that he understood. Defendant also expressed that it was his decision and his decision alone to plead guilty and that he read and understood the plea agreement. Accordingly, the Court finds no fair or just reason to allow Defendant to withdraw his guilty plea.

As for Defendant's second request, appointing substitute counsel is within "the sound discretion of the trial court." *United States v. Mentzos*, 462 F.3d 830, 839 (8th Cir. 2006). To obtain new counsel, Defendant "must show justifiable dissatisfaction with appointed counsel that arises from difficulties such as [an] 'irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation.'" *United States v. Pendleton*, 832 F.3d 934, 942 (8th Cir. 2016) (quoting *United States v. Boone*, 437 F.3d 829, 839 (8th Cir. 2006)). This standard is not met simply "by a defendant's frustration with counsel's performance or disagreement with his tactical decisions." *Id*. (quoting same). The "right to counsel . . . does not involve the right to a 'meaningful relationship' between an accused and his counsel." *Hunter v. Delo*, 62 F.3d 271, 274 (8th Cir. 1995) (quoting *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992).

Here, Defendant wants different counsel in part because his attorney sent him the wrong legal mail in September 2022. Although the envelope was addressed to Defendant, enclosed was a different client's stipulation and waiver form. Defendant has shown, at most, that his attorney made a procedural error. The incorrect mail in no way prejudiced Defendant or affected his case—the mail was dated September 23, 2022, nearly seven months after Defendant pled guilty in March 2022. Furthermore, at the change of plea hearing, Defendant expressed that he was satisfied with his attorney's representation, had no complaints regarding anything he did or failed to do on his

behalf, and that his attorney had spent sufficient time reviewing his case with him. Defendant has not met his burden of proof.

Accordingly, the Court finds no reason to allow Defendant to withdraw his guilty plea and be appointed new counsel. The motions are DENIED.

**IT IS SO ORDERED.**

Date:  November 28, 2022                   /s/ Greg Kays
                                           GREG KAYS, JUDGE
                                           UNITED STATES DISTRICT COURT