# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-0145-10-CR-W-DGK |
| JOE MIKE PEREZ, JR., | |
| Defendant. | |

## ORDER REGARDING THE GOVERNMENT'S MOTION TO CORRECT CLEAR ERROR PURSUANT TO RULE 35(a)

Now before the Court is the Government's "Motion to Correct Clear Error Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure." ECF No. 859.

The relevant procedural history to the motion is as follows. On March 7, 2022, Defendant Joe Mike Perez, Jr., pled guilty by agreement to Counts One and Two of the Indictment, charging violations of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846 (conspiracy to distribute methamphetamine and heroin) and Title 18, United States Code, Section 1956(a)(1)(A)(i), (B)(i), (ii), and (h) (conspiracy to commit money laundering). Defendant also admitted the forfeiture allegations and agreed to a money judgment in an amount to be determined by the Court at sentencing, but not to exceed $882,000. *Id.* ¶ 6.

On April 15, 2022, the Government moved for a preliminary order of forfeiture consisting of a personal money judgment against Defendant in an amount to be determined by the Court, but not to exceed $882,000. ECF No. 654.

On May 2, 2022, the Court granted the motion and entered a preliminary order of forfeiture

against Defendant. ECF No. 661.

On February 6, 2023, the Court sentenced Defendant to 190 months' imprisonment but declined to enter a personal money judgment. The Court found that for sentencing purposes Defendant was responsible for distributing approximately 12 pounds of methamphetamine and 1.8 ounces of heroin during the course of the conspiracy but did not make any findings concerning what Defendant's proceeds were from his involvement in the conspiracy.

The Government objected to the Court's decision not to enter a personal money judgment. It argued the Court had no choice but to enter a personal money judgment in this amount because the Court's role in the matter was essentially "administrative" once it found Defendant responsible for 12 pounds of methamphetamine and 1.8 ounces of heroin for sentencing purposes. The Court overruled the Government's objection but invited it to brief the matter.

On February 15, 2023, the Government filed the pending motion, which contends the Court committed legal error by not imposing a money judgment against Defendant for $44,500. Mot. at 7–8. The Government also requested the Court rule on the motion "no later than February 20, 2023, so that it can properly preserve its appellate rights to the extent necessary." *Id*. at 8

To accommodate the Government's request for an expedited ruling, the Court rules as follows. This order is shorter and less detailed than the Court would like, but the best the Court can do given the expedited schedule.

After reviewing the record and applicable law, the Court finds it did err here, albeit for different reasons than the Government suggests.

First, the Court erred to the degree it indicated its decision not to enter a personal money judgment against Defendant was based on equitable concerns. The law is clear that the Court

cannot consider equitable concerns, such as Defendant's present economic status or ability to pay, in a forfeiture decision. *See, e.g.*, *United States v. Casey*, 444 F.3d 1071, 1076–77 (9th Cir. 2006) (joining the First and Seventh Circuits in holding that money judgments are appropriate under 21 U.S.C. § 853 even in cases of insolvent defendants).

Second, the Court erred by not making any findings about the amount Defendant actually acquired as a result of the crime. *See Honeycutt v. United States*, 581 U.S. 443, 454 (2017) ("Forfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime."). A court may reject the Government's proposed figure for a criminal forfeiture money judgment, even a stipulated one, but if a court does so, it must make findings as to the amounts. *See United States v. Newman*, 659 F.3d 1235, 1245 (9th Cir. 2011).

To correct these errors, the Court orders a forfeiture hearing be held at which time the Court will hear evidence and argument related to a personal money judgment against Defendant. The Court will set the date and time of the hearing after conferring with the parties.

**IT IS SO ORDERED.**

Date:   February 21, 2023  　　　　　　　　　　/s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

3

Case 4:19-cr-00145-DGK   Document 864   Filed 02/21/23   Page 3 of 3