IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-0145-10-CR-W-DGK |
| JOE MIKE PEREZ, JR., | |
| Defendant. | |

## **FINAL ORDER ON FORFEITURE**

On February 21, 2023, the Court ordered a forfeiture hearing be held to hear evidence and argument related to a personal money judgment against Defendant. ECF No. 864. Since that time, the parties have communicated to the Court that they have nothing to add to the record on the issue. Thus, the Court will not hold a forfeiture hearing and will instead rule based on the existing record. For the following reasons, the Court enters a money judgment against Defendant in the amount of $11,100.

**Procedural History**

The relevant procedural history is as follows. On March 7, 2022, Defendant pled guilty by agreement to Counts One and Two of the Indictment, charging violations of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846 (conspiracy to distribute methamphetamine and heroin) and Title 18, United States Code, Section 1956(a)(1)(A)(i), (B)(i), (ii), and (h) (conspiracy to commit money laundering). Defendant also admitted the forfeiture allegations and agreed to a money judgment in an amount to be determined by the Court at sentencing, but not to exceed $882,000. *See* Plea Agreement, ECF No. 647.

On April 15, 2022, the Government moved for a preliminary order of forfeiture consisting of a personal money judgment against Defendant in an amount to be determined by the Court, but not to exceed $882,000. ECF No. 654. On May 2, 2022, the Court granted the motion and entered a preliminary order of forfeiture against Defendant. ECF No. 661.

On February 6, 2023, the Court sentenced Defendant to 190 months' imprisonment but declined to enter a personal money judgment. The Court found that for sentencing purposes Defendant was responsible for distributing approximately 12 pounds of methamphetamine and 1.8 ounces of heroin during the course of the conspiracy, but the Court did not make any findings concerning what Defendant's proceeds were from his involvement in the conspiracy. The Government objected to the Court's decision not to enter a personal money judgment, arguing the Court had no choice but to enter a personal money judgment in the amount of $44,500 because the Court's role in the matter was essentially "administrative" once it found Defendant responsible for 12 pounds of methamphetamine and 1.8 ounces of heroin for sentencing purposes. The Court overruled the Government's objection but invited it to brief the matter.

On February 15, 2023, the Government filed a motion to correct clear error pursuant to Federal Rule of Criminal Procedure 35(a), which contends the Court committed legal error by not imposing a money judgment against Defendant for $44,500. Mot. to Correct at 7–8, ECF No. 859. In ruling on the motion, the Court found, among other things, that it erred by not making any finding about the amount Defendant actually acquired as a result of the crime and ordered a forfeiture hearing to determine said amount. Order on Mot. to Correct, ECF No. 864. Because the parties have no additional facts to add, the Court rules based on the existing record.

**Analysis**

Federal statute 21 U.S.C. § 853(a)(1) mandates forfeiture of "any property constituting, or

2

derived from, any proceeds the person obtained, directly or indirectly, as the result of" certain drug crimes. The Supreme Court in *Honeycutt v. United States* made clear that "[f]orfeiture pursuant to § 853(a)(1) is limited to property the defendant *himself actually acquired* as the result of the crime." 581 U.S. 443, 454 (2017) (emphasis added). And while the Court may reject the Government's proposed figure for a criminal forfeiture money judgment, even a stipulated one, if the Court does so, it must make findings as to the amounts. *See United States v. Newman*, 659 F.3d 1235, 1245 (9th Cir. 2011).

Here, the Government requests a money judgment against Defendant for $44,500. The Court, however, finds this figure unreasonably high given the amount of property Defendant actually acquired in connection with the underlying criminal enterprise.

In the plea agreement, Defendant agreed the Government's "evidence of his total drug responsibility is more than two kilograms of methamphetamine and more than 50 grams of heroin for which [he] is responsible for distributing or possessing with the intent to distribute or conspiring to do the same." Plea Agreement at 3 (emphasis in original removed). Thus, the Court agrees some money judgment against Defendant is appropriate.

As to the appropriate amount of the money judgment, the Presentence Investigation Report ("PSR") establishes that confidential informants and/or undercover officers paid Defendant $8,300 for five separate drug transactions from January 24, 2019, to April 16, 2019. *See* PSR at 7–8, ECF No. 782. An undercover officer also purchased 52.5 grams of heroin from Defendant and co-defendant Erazo-Moreno for $2,800 on September 27, 2018. *See id.* at 7. Even assuming Defendant acquired all the cash from this drug deal (which he almost certainly did not considering the joint-sale of the heroin), Defendant gained only $11,100. Granted, the PSR and/or plea agreement outline other drug transactions at which Defendant was present. The Court, however,

3

is not convinced Defendant acquired anything from these transactions.  For instance, on September 19, 2018, Defendant let two undercover buyers into a hotel room to purchase $16,000 worth of drugs from co-defendant Hiram Obadiel Huerta Carrillo.  PSR at 7; Plea Agreement at 2.  There is no evidence Defendant actually acquired those proceeds.  And since joint and several liability does not apply to § 853, Defendant is not responsible for this amount.  *See Honeycutt*, 581 U.S. 443 (2017).

The totality of the evidence in the record establishes that Defendant was a relatively minor player in this conspiracy in terms of financial benefit.  Therefore, the Court enters a money judgment against Defendant in the amount of $11,100.

**IT IS SO ORDERED.**

Date:   June 8, 2023                                      /s/ Greg Kays
                                                                                                                GREG KAYS, JUDGE
                                                                                                                UNITED STATES DISTRICT COURT